# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON
### August 19, 2008 Session

## VICKIE F. (LOUT) HUDSON v. DAVID P. LOUT

### Direct Appeal from the Chancery Court for Tipton County
### No. 12,151    Martha B. Brasfield, Chancellor

---

### No. W2007-02704-COA-R3-CV - Filed September 9, 2008

---

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed in part; Vacated in part; and Remanded**

DAVID R. FARMER, J., delivered the opinion of the court, in which HOLLY M. KIRBY, J., and J. STEVEN STAFFORD, J., joined.

Jeffery L. Stimpson, Munford, Tennessee, for the appellant, David P. Lout.

Bradley C. Ball, Memphis, Tennessee, for the appellee, Vickie F. (Lout) Hudson.

### MEMORANDUM OPINION[1]

This domestic relations action requires us to construe a provision of the parties' 1993 divorce decree with respect to the division of Defendant/Appellant David P. Lout's (Mr. Lout's) military retirement pay. The trial court construed the 1993 decree as requiring Mr. Lout to pay to Plaintiff/Appellee Vickie F. Lout Hudson (Ms. Hudson), Mr. Lout's former wife, an amount equivalent to 28 percent of his military retirement pay. The trial court calculated this amount as one-half the retirement pay received by Mr. Lout, multiplied by a fraction representing the number of years the parties were married divided by the number of years Mr. Lout served in the military. The trial court also ordered Mr. Lout to pay arrearages and awarded Wife her attorney's fees as damages predicated on a finding of contempt. Mr. Lout appeals; we affirm the trial court's construction of

---

[1]Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

the parties' 1993 decree of divorce, vacate the finding of contempt and award of attorney's fees, and remand.

## *Background and Procedural History*

The facts relevant to our disposition of this matter are undisputed. Mr. Lout entered active duty in the United States Navy in 1976. Mr. Lout and Ms. Hudson were married in 1977 and divorced in 1993. Following hearings, in May 1993 the trial court gave an oral ruling awarding Ms. Hudson "half of the present value of [Mr. Lout's] military retirement as of May 27, 1993." A written order was prepared by the parties and entered by the trial court in September 1993. The written order provided, in relevant part:

> [P]laintiff (Ms. Hudson) is awarded half of the present value of defendant's military retirement as of May 27, 1993; the present value of plaintiff's interest in defendant's military retirement is determined by the following fraction:

$$\frac{16}{\text{total number of years of defendant's service in military before retirement}} \times 50\%$$

> Both parties shall execute all documents necessary to convey the interest in the military retirement awarded to plaintiff to her, and to make this order effective with defendant's employer and pension benefits administrator.

Although the 1993 divorce action was contested, the parties do not dispute that the language utilized by the trial court in providing for the division of Mr. Lout's military pension benefits was drafted and agreed to by both parties. The 1993 decree was not appealed.

Mr. Lout retired from military service in May 2005. When he retired, Mr. Lout was eligible to receive 71.83 percent of his base pay of $5,231.70 as retirement pay. Thus, his monthly retirement pay is $3,757.93. Mr. Lout did not pay a portion of his military retirement benefits to Ms. Hudson despite the provision requiring him to do so contained in the 1993 divorce decree. Ms. Hudson contacted the Defense Finance and Accounting Service ("DFAS"), which notified her that the language used in the 1993 decree was insufficient to allow the DFAS to directly disperse payment to her. In December 2005, Ms. Hudson filed a motion to amend the final decree of divorce. In her motion, Ms. Hudson asserted that, under the formula utilized in the 1993 decree, she was entitled to receive 28 percent of Mr. Lout's pension, or .5 multiplied by 16 years of marriage divided by 29 years of military service.

In his response, Mr. Lout denied that the final decree should be amended as proposed by Ms. Hudson, and counter-claimed for an amended decree using an "appropriate formula accepted by the U.S. Military finance office" to substitute for "any deficient provision of the decree." In May 2007, Mr. Lout filed an amended answer praying that the trial court "correct" the 1993 provision pursuant

to Rule 60.01. In the meantime, in June 2006, Ms. Hudson filed a petition for civil contempt, alleging that Mr. Lout had "willfully disobeyed the orders of the Court although able and capable of compliance with said order by failing or refusing to pay ANY military retirement proceeds as ordered" by the court.

Following a hearing in May 2007, the trial court held that the formula agreed to by the parties in 1993 resulted in an award to Mr. Hudson in the amount of "16/29 x 50% of [Mr. Lout's] present military retirement." In so holding, the trial court noted, "[t]he Final Decree of Divorce was entered on September 2, 1993, twelve years before the Plaintiff filed the Motion to Amend the Final Decree of Divorce. It appears to the [c]ourt that it is now too late to complain of the terms of the order."

In June 2007, Mr. Lout filed a motion to alter or amend, asserting that the 1993 provision should be put aside pursuant to Rule 60.01 in order to correct the "clerical mistake in the formula incorporated in the final decree of divorce[.]" In October 2007, the trial court entered an order denying Mr. Lout's motion and granting Ms. Hudson's motion to amend the final decree. In its order, the trial court found that the language used in the original decree was insufficient for the purpose of allowing the DFAS to disburse Mr. Lout's military pension, reaffirmed that the formula utilized should be 16/29 x 50% of Mr. Lout's "disposable military retirement pay," and ordered that Ms. Hudson should therefore receive 28 percent of Mr. Lout's retirement pay. In November 2007, the trial court entered an order holding that any error in the formula entered by the court in 1993 was not a "clerical error." The court noted that, assuming the 1993 order contained an error of law, any such error was not "clerical" in nature, but was "an error set out in an order signed by both attorneys and the judge who heard the matter[.]" Also in November 2007, Ms. Hudson filed a motion to reduce the arrearages to judgment, seeking arrearages plus interest in the amount of $26,820.67. She also prayed for attorney's fees.

In February 2008, the trial court entered a final judgment supplementing its orders of May and October 2007. The trial court denied Mr. Lout's motion to alter or amend or for a new trial; granted Ms. Hudson's motion to reduce the arrearages to judgment; found that the parties agreed that the arrearage owed by Mr. Lout was $19,170.37, including simple interest; and found Mr. Lout to be in contempt for his failure to pay any part of his military pension to Ms. Hudson. The trial court's award of attorney's fees in the amount of $4,000 to Ms. Hudson is contained in the numbered paragraph containing the court's finding of contempt and is, as we construe it, an award of damages arising from that contempt. Mr. Lout filed a timely notice of appeal to this Court.

### *Issues Presented*

Mr. Lout presents the following issues, as slightly reworded, for our review:

(1)     Whether the trial court erred in clarifying the final decree of divorce to award Ms. Hudson 28% of Mr. Lout's military retirement pay.

(2)     Whether the trial court erred in finding Mr. Lout in contempt and in awarding Ms. Hudson a judgment for arrearages in payment of military retirement benefits.

(3)     Whether the trial court erred in awarding Ms. Hudson's attorney's fees.

### Standard of Review

We review the trial court's findings of fact with a presumption of correctness unless the evidence preponderates otherwise. Tenn. R. App. P. 13(d). Thus, we may not reverse the trial court's factual findings unless they are contrary to the preponderance of the evidence. We review the trial court's conclusions on matters of law *de novo*, with no presumption of correctness. Tenn. R. App. P. 13(d); *Bowden v. Ward*, 27 S.W.3d 913, 916 (Tenn. 2000).

### Analysis

We turn first to Mr. Lout's assertion that the trial court erred by awarding Ms. Hudson 28 percent of his retirement benefits. In his brief to this Court, Mr. Lout asserts the formula contained in the 1993 divorce decree was erroneous under the law as it existed at the time of the divorce and that such alleged error was "clerical" in nature. He asserts the trial court therefore erred by denying his Rule 60.01 motion to correct the 1993 decree provision. Tennessee Rule of Civil Procedure 60.01 permits the trial court to correct a judgment containing a clerical error or an error of oversight or omission. Tenn. R. Civ. P. 60.01; *Dunlap v. Dunlap*, 996 S.W.2d 803, 811 (Tenn. App. 1998). We review a trial court's decision regarding whether to grant a Rule 60.01 motion under an abuse of discretion standard. *Anderson v. Anderson*, No. M2004-01570-COA-R3-CV, 2006 WL 1627181, at *6 (Tenn. Ct. App. June 9, 2006) (*no perm app. filed*).

We agree with the trial court that, assuming, *arguendo*, that the 1993 provision regarding the division of Mr. Lout's military pension did not reflect the law as it existed at that time, any such error was not clerical in nature. The provision was agreed to by the parties; it was not appealed. That Mr. Lout is now unhappy with its application does not render any asserted error "clerical." We find no abuse of discretion in the trial court's denial of Mr. Lout's Rule 60.01 motion.

However, despite agreeing with the trial court that any error in the 1993 decree was not "clerical," we note that there is no dispute in this case that the provision was ambiguous, at least to the extent that the DFAS was unable to distribute benefits under its language. This dispute, as we perceive it, required the trial court to construe rather than amend the 1993 decree provision. Courts construe a judgment like any other written instrument. *Blue Cross-Blue Shield of Tennessee v. Eddins*, 516 S.W.2d 76, 78 (Tenn. 1974)(citations omitted). The determinative factor is the intent of the rendering court as discerned from all parts of the judgment. *Id.* A judgment should be construed so as to give "force and effect to every word of it, if possible, and make its several parts consistent, effective and reasonable." *Id.*

We agree with the trial court that the 1993 decree awards Ms. Hudson one-half of the military pension payments received by Mr. Lout, multiplied by 16/29. The trial court's order defines the "present value" of the retirement benefit as 16 divided by the total number of years of defendant's service in military before retirement x 50 percent. Defendant's total number of years of service was 29. Moreover, we cannot agree with Mr. Lout that the dollar amount to be multiplied by 50 percent is the retirement benefit Mr. Lout would have received had he retired with a base pay equal to his base pay at the time of the divorce. Had that been the intent of the judgment, it is reasonable to assume that the judgment would have simply included that amount in the calculation. We accordingly affirm the trial court's award of 28 percent of Mr. Lout's military retirement pay to Ms. Hudson.

We next turn to Mr. Lout's assertion that the trial court erred in awarding arrearages to Ms. Hudson. Mr. Lout's argument, as we understand it, is that the trial court's award of arrearages was predicated on the court's finding of contempt. We must disagree. The trial court's order of February 2008 includes a finding that the parties agreed that Mr. Lout owed arrearages in the amount of $19,170.37, including interest, and orders Mr. Lout to pay that amount at the rate of $350 per month beginning January 2008. The arrearage amount constitutes property rightfully belonging to Ms. Hudson. We affirm.

We finally turn to Mr. Lout's assertion that the trial court erred in awarding Ms. Lout her attorney's fees. Mr. Lout asserts the trial court erred in making this award for two reasons. First, because an award of attorney's fees is not appropriate in an action to enforce a property division. Second, because he was not in contempt.

We begin our analysis by noting that the trial court's award of attorney's fees in this case was predicated upon the trial court's determination that Mr. Lout was in contempt of court for failure to pay any part of his pension to Ms. Hudson upon his retirement. The award was an award of damages based upon a finding of contempt. This Court previously has held that an award of attorney's fees may be appropriate as an award of compensatory damages in a successful civil contempt proceeding. *Reed v. Hamilton*, 39 S.W.3d 115, 119 (Tenn. Ct. App. 2000)(citations omitted). We review such an award under an abuse of discretion standard. *Id.*

Mr. Lout asserts the trial court erred by finding him in contempt because the court failed to conduct any hearing on Ms. Hudson's petition for contempt and because he had no notice of a contempt citation. Ms. Hudson does not dispute that no hearing was held on her contempt petition, but merely asserts the trial court did not err by finding Mr. Lout in civil contempt where it is undisputed that Mr. Lout failed to pay any part of his military retirement benefit to Ms. Hudson prior to the commencement of this action. In light of the absence of a hearing demonstrating that Mr. Lout was willfully in contempt of an order that was undisputedly ambiguous, we vacate the trial court's finding of contempt. We accordingly vacate the trial court's judgment awarding Ms. Hudson her attorney's fees as an award of compensatory damages predicated upon a finding of contempt. We remand to the trial court for further proceedings limited to Ms. Hudson's petition for contempt.

### *Holding*

We vacate the trial court's judgment finding Mr. Lout in contempt and awarding Ms. Hudson her attorney's fees. We remand for further proceedings limited to Ms. Hudson's petition for civil contempt. The trial court's judgment is otherwise affirmed. Ms. Hudson's request for attorney's fees on appeal is denied. Costs of this appeal are taxed one-half to the Appellee, Vickie F. Lout Hudson, and one-half to the Appellant, David P. Lout, and his surety, for which execution may issue if necessary.

 

 

_____
DAVID R. FARMER, JUDGE